IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT C. SOLOMON, M.D., FACEP, | Civil Action |
| Plaintiff, | No. 2:23-cv-2136 |
| v. | |
| WELLPATH, LLC, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Robert Solomon, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and 28 U.S.C. §§ 1331 and 1343(a)(4).

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Americans with Disabilities Act (ADA), in that:

   a. Plaintiff filed a timely written charge of disability discrimination and retaliation with the Equal Opportunity Employment Commission on March 15, 2023, and cross filed with the Pennsylvania Human Relations Commission on March 15, 2023;

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated November 16, 2023; and

   c. This action was filed with this Court within 90 days of receipt of that Notice.

### II. The Parties

3. Plaintiff Robert C. Solomon, M.D., FACEP ("Solomon" or "Plaintiff") is an

individual who resides at 108 Saddle Ridge Drive, Oakdale, Allegheny County, PA 15071-3726.

4. Defendant, Wellpath, LLC ("Defendant") is a corporation with a place of business at 600 N 12th Street, Suite 100, Lemoyne, Cumberland County, PA 17043.

5. Plaintiff was employed by Defendant at State Correctional Institute (SCI) Greene County, 175 Progress Drive, Waynesburg, Greene County, PA 15370.

6. Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

### III. Factual Background

7. In June 2020, Solomon began working for Defendant in a position in correctional medicine at the state prison in Waynesburg (SCI), Greene County.

8. Solomon initially worked part-time for 22 hours per week, but then moved into the full-time position of medical director in October, 2020.

9. In 2016 Solomon had been diagnosed with a serious heart condition, a type of cardiomyopathy.

10. By February, 2022, it was determined Solomon would need a transplant.

11. Solomon underwent cardiac transplant surgery on September 16, 2022.

12. Prior to his surgery, Solomon was given assurances his full-time position would be held for him and no mention of a time limit for his medical leave was given.

13. Solomon was released from the hospital on Monday, October 3, 2022.

14. Over the next five months Solomon exchanged intermittent texts and phone calls with his manager regarding his medical condition.

15. In early December, 2022, Solomon received a communication that his 12 weeks of FMLA leave plus 4 weeks of "non-FMLA" leave would be up in early January.

16. Solomon told his manager that if he returned to work in early January, he would need to work two full days and three half days to allow for the completion of his cardiac rehab.

17. His manager responded saying beyond FMLA and non-FMLA leave there is a provision for leave under ADA and his further leave was being categorized under this because Solomon's doctor had said he might not be able to return until May.

18. Solomon was also told to focus on getting well and not to worry about returning sooner than he was ready.

19. After rejecting Solomon's request for an accommodation of a reduced workweek to allow him to complete his cardiac rehab, Defendant hired a new medical director.

20. In a subsequent conversations, Solomon told his manager he would finish his cardiac rehab long before May and he would be able to return by March 13, 2023.

21. On February 15, 2023, at his transplant clinic visit, Solomon asked his doctor for clearance to return to work on March 13, 2023 without any restrictions and this was provided.

22. Solomon's manager contacted him on March 1, 2023 and told him they had decided to fill the institution's medical director position with another individual.

23. However, the new medical director Defendant hired in January, 2023 resigned shortly after in February, 2023.

24. Defendant did not fill the medical director position again until April, 2023 well after Solomon had been fully released to return to work.

25. Following Solomon's termination and after he filed his charge of discrimination, Defendant for the first-time contended Solomon was removed for performance-based reasons.

**Count I**
**Americans with Disabilities Act: Discrimination and Failure to Accommodate**

26. Plaintiff incorporates by reference the allegations in paragraphs 1 through 25 as if fully restated herein.

27. As described above, Plaintiff is an individual with a disability, and Defendant perceived him as having a disability.

28. Plaintiff was qualified for the medical director position and could perform all essential functions of the position. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. §12111(8).

29. Defendant refused to make reasonable accommodations for Solomon's known disabilities in violation of 42 U.S.C. § 12112(b)(5)(A)-(B) and failed to engage in the interactive process as required by law.

30. Defendant then removed Solomon from his medical director position because of his actual and/or perceived disability, in violation of the ADA, 42 U.S.C. §12112(a).

31. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of his disability.

32. As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation and inconvenience;

    c. Costs and expenses of litigation; and

    d. Attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

a. Back pay and benefits from the time Defendant refused to accommodate him, until the time of trial, with interest;

b. An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

c. Either reinstatement or front pay.

d. Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

f. A reasonable attorneys fee and costs and expenses of litigation; and

g. Such other legal and equitable relief as the Court deems just and proper.

### Count II
### American with Disabilities Act: Retaliation

33. Plaintiff incorporates by reference the allegations in paragraphs 1 through 32 as if fully restated herein.

34. Defendant removed Solomon from the medical director position in retaliation for requesting a reasonable accommodation under the ADA, in violation of 42 U.S.C. §12203(b).

35. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of his disability.

36. As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including not limited to:

a. Lost wages and benefits;

    b.    Emotional distress, anxiety, humiliation and inconvenience;

    c.    Costs and expenses of litigation; and

    d.    Attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

    a.    Back pay and benefits from the time Defendant refused to accommodate him, until the time of trial, with interest;

    b.    An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

    c.    Either reinstatement or front pay;

    d.    Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

    e.    Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

    f.    A reasonable attorneys fee and costs and expenses of litigation; and

    g.    Such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

**Edgar Snyder & Associates**

/s/ *John E. Black, III*
John E. Black, III
PA I.D. No. 83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 394-4446
Facsimile: (412) 391-7032
jblack@edgarsnyder.com

Attorney for Plaintiff